IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CRAIG TUMANI WILLIAMS,

Plaintiff,

v.

MCKENNA GREY,

Defendant.

Case. No. 6:26-cv-01664-MC

OPINION & ORDER

---

MCSHANE, Judge:

Plaintiff Craig Tumani Williams, proceeding *pro se*, brings this action against McKenna Grey seeking an "appeal" of a restraining order. Compl., ECF No. 1. Plaintiff seeks leave to proceed *in forma pauperis* in this action. ECF No. 2. Plaintiff has also filed a Motion for Appointment of Pro Bono Counsel. ECF No. 3.

Because the Court is satisfied with Plaintiff's showing of indigency, Plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is GRANTED. Having screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court finds it is subject to dismissal and that leave to amend would be futile. Accordingly, the Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE. Plaintiff's Motion for Appointment of Pro Bono Counsel (ECF No. 3) is DENIED.

## LEGAL STANDARD

### I. Proceedings *In Forma Pauperis*

This court has discretion in deciding whether to grant *in forma pauperis* status.

*See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify for *in forma pauperis* status, a civil litigant must demonstrate that the litigant is unable to pay court fees. 28 U.S.C. § 1915(a)(1); *O'Loughlin*, 920 F.2d at 617. A Court must also assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B).

## II. Civil Rights Pleading Standard

When screening a complaint for failure to state a claim under § 1915(e)(2)(B), the Court applies the same standard it applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal citation omitted). The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

# DISCUSSION

## I. The Complaint

Plaintiff's Complaint must be dismissed because the Court lacks jurisdiction over his claim. Plaintiff indicates he is invoking federal question jurisdiction and states as the basis for jurisdiction that he seeks to "[a]ppeal [a] restraining order." Compl. 3. When prompted to provide a "short and plain statement" of his claim, Plaintiff again states, "[a]ppeal restraining order," without any

additional facts. *Id.* at 4. Plaintiff asserts the relief he seeks is "just [] to be able to walk on my sidewalk unbothered or interacted with." *Id.*

Federal courts are courts of limited jurisdiction and the burden of establishing jurisdiction rests on the party seeking to assert jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.* 511 U.S. 375, 377 (1994). Here, Plaintiff does not identify any federal statutes, federal treaties, or provisions of the United States Constitution under which his claim arises. 28 U.S.C. § 1331 (conferring "federal question" jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States"). Furthermore, under the "*Rooker-Feldman* doctrine," an "appeal of a state court judgment filed in federal district court . . . is a 'forbidden de facto appeal' over which a district court lacks subject matter jurisdiction." *Miroth v. County of Trinity*, 136 F.4th 1141, 1146 (9th Cir. 2025) (quoting *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004)). The *Rooker-Feldman* doctrine "applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment." *Kougasian*, 359 F.3d at 1140 (emphasis in original). Though Plaintiff does not provide details of the alleged restraining order, the Complaint makes clear that his claim in this Court is an appeal of a state court order and that his desired remedy is relief from that order.[1] Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claim seeking review and relief from a restraining order against him. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003); *see also Baker v. California*, 2018 WL 4057005, at *3 (C.D. Cal. July 16, 2018) (collecting cases), *report and recommendation adopted*, 2018 WL 4057260 (C.D. Cal. Aug. 16, 2018), *aff'd*, 785 F. App'x 478

[1] Even if proceedings related to Plaintiff's alleged restraining order are ongoing, the *Younger* abstention doctrine would apply and the Court would therefore nevertheless lack jurisdiction. *Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 431 (1982). Moreover, "[f]amily relations are a traditional area of state concern," *Moore v. Sims*, 442 U.S. 415, 435 (1979), and federal courts have no general jurisdiction over matters of domestic relations, *see Ankenbrandt v. Richards*, 504 U.S. 689, 697–701 (1992).

(9th Cir. 2019). Because Plaintiff identifies no other basis for his claim, this action must be dismissed.

## II. <u>Appointment of Pro Bono Counsel</u>

There is no constitutional right to counsel in a civil case. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). However, a court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) in "exceptional circumstances." *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir. 2004). Whether "exceptional circumstances" exist depends on two factors to be viewed together: "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983)). The decision to appoint counsel is "within the sound discretion of the trial court." *Agyeman*, 390 F.3d at 1103 (quotation marks omitted).

Appointment of pro bono counsel is not appropriate here. First, Plaintiff has not demonstrated any likelihood of success on the merits of his claims because the Court lacks jurisdiction. *E.g.*, *Gener v. Trump*, 2025 WL 3067906, at *1 (D. Or. Nov. 3, 2025) (citing *Fierro v. Smith*, No. 19-16786, 2022 WL 2437526, at *1–2 (9th Cir. July 5, 2022)). Even if Plaintiff faces certain challenges pursuing and presenting his case, his circumstances are not exceptionally different from the same challenges faced by most self-represented litigants. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). A need to further develop facts and arguments at the pleading stage is not an exceptional circumstance. *See Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986) ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990)

(concluding lack of access to legal materials constituted type of "difficult[y] which any litigant would have in proceeding pro se" and was therefore not an "exceptional factor[]"). Plaintiff's financial hardship also does not provide a legally sufficient reason for the Court to find exceptional circumstances here; nearly every litigant proceeding *in forma pauperis* and requesting appointment of pro bono counsel faces financial difficulties in retaining their own attorney.

## III. Leave to Amend

If a court finds a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126–30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is *pro se*. *Id.* at 1130–31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1107–11.

Here, based on the above discussion, because the Court cannot provide any relief for Plaintiff's claim based on an "appeal of restraining order" (Compl. 3–4), granting leave to amend would be futile. Accordingly, the Court denies Plaintiff leave to amend the Complaint and dismisses this action with prejudice. *See Cato*, 70 F.3d at 1107-11; *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (stating trial court may dismiss a claim *sua sponte* "where the claimant cannot possibly win relief").

## CONCLUSION

The Court finds as follows:

- Plaintiff's petition to proceed *in forma pauperis* (ECF No. 2) is GRANTED.
- Plaintiff's Complaint (ECF No. 1) is DISMISSED.

- Plaintiff's Motion for Appointment of Pro Bono Counsel (ECF No. 3) is DENIED.

Because the Court finds that the jurisdictional deficiencies in the Complaint cannot be cured by further amendment, the Complaint shall be DISMISSED WITH PREJUDICE. The Court shall enter Judgment dismissing this action.

IT IS SO ORDERED.

DATED this 20th day of August, 2026.

_____/s/ Michael McShane___________
Michael McShane
United States District Judge